J. A10039/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| FREDERICK BROOKS, | : | No. 1190 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, April 8, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0003383-2015

BEFORE: DUBOW, J., SOLANO, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:         **FILED JULY 20, 2017**

Frederick Brooks appeals from the April 8, 2016 aggregate judgment of sentence of three to six years' imprisonment, followed by two years' probation, imposed after he was found guilty of aggravated assault, simple assault, and recklessly endangering another person ("REAP").[1]  After careful review, we affirm the judgment of sentence.

The trial court summarized the relevant facts of this case as follows:

> On August 24, 2014, [appellant] was a hotel guest at the Crowne Plaza Hotel in Philadelphia. Capri Grice, a housekeeper at the hotel, knocked on [appellant's] door to clean the room, announcing "housekeeping" before entering.  When no one responded, Ms. Grice opened the door only to find Brooks and a woman asleep on the bed.  Grice closed the door without entering and continued down the hallway to clean the next room.

---

[1] 18 Pa.C.S.A. §§ 2702, 2701, and 2705, respectively.

A short time afterwards, Brooks and his female companion exited their room and followed Grice down the hallway, angrily demanding that she return his money. [Appellant] then grabbed the maid by the throat pinned her against the wall lifting her off the ground choking her and rendering her unable to breathe while she and her cart were searched by the woman who was with [appellant]. Ms. Grice testified that the choking lasted for approximately fifteen minutes. The housekeeper told [appellant] that she did not have his money and she never entered his room. When another hotel guest came out of their room and into the hallway to intervene, Ms. Grice escaped to call security. [Appellant] followed her into the room to which she had fled and continued to angrily demand she return his money. [Appellant] left to go search his room for the money which he found behind the dresser. [Appellant] thought this was funny, laughing as he told the housekeeper "Just let it go[]" and trying to give her some money. Ms. Grice refused the money, and hotel management called the police. When the police arrived on the scene, [appellant] had fled and Ms. Grice was still crying and visibly shaking. The housekeeper was suffering from severe head pain as a result of the choking, spent the night in the hospital and missed a full week of work.

Trial court opinion, 7/12/16 at 2-3 (citations to notes of testimony omitted).

Appellant was subsequently arrested and charged with aggravated assault, REAP, simple assault, and making terroristic threats.[2] On December 16, 2015, appellant waived his right to a jury and proceeded to a bench trial that same day.[3] Following a one-day bench trial, the trial court

---

[2] 18 Pa.C.S.A. § 2706, respectively.

[3] We note that although the cover page to the notes of testimony indicates that appellant's waiver trial was held on **October** 16, 2015, the docket correctly notes that trial was held **December** 16, 2015.

found appellant guilty of aggravated assault, simple assault, and REAP. As noted, appellant was sentenced to an aggregate term of three to six years' imprisonment, followed by two years' probation, on April 8, 2016.[4] Appellant did not file any post-sentence motions. This timely appeal followed on April 14, 2016. On April 15, 2016, the trial court entered an order directing appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on May 6, 2016, and the trial court filed its Rule 1925(a) opinion on July 12, 2016.

On appeal, appellant raises the following issue for our review:

> Was not appellant erroneously convicted of aggravated assault, graded as a felony of the first-degree, where he neither caused serious bodily injury to the complainant nor had the specific intent to do so?

Appellant's brief at 3.

Our standard of review in assessing whether there was sufficient evidence to sustain appellant's conviction for aggravated assault is well settled.

> In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to

---

[4] The charge of simple assault is a lesser included offense of REAP, and thus the two crimes merge for sentencing purposes. *See **Commonwealth v. Thomas**, 879 A.2d 246, 263 (Pa.Super. 2005), **appeal denied**, 989 A.2d 917 (Pa. 2010).

> prove every element of the offense beyond a reasonable doubt. As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. Any question of doubt is for the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.

***Commonwealth v. Thomas***, 988 A.2d 669, 670 (Pa.Super. 2009), ***appeal denied***, 4 A.3d 1054 (Pa. 2010) (citations omitted).

A person will be found guilty of aggravated assault if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1). The term "serious bodily injury" is defined by statute as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301. Where the victim does not sustain serious bodily injury, the Commonwealth must prove that the defendant attempted to cause such injury. ***See Commonwealth v. Martuscelli***, 54 A.3d 940, 948 (Pa.Super. 2012) (stating, "[a]n attempt under Subsection 2702(a)(1) requires some act, albeit not one causing serious bodily injury, accompanied by an intent to inflict serious bodily injury."), citing ***Commonwealth v. Matthew***, 909 A.2d 1254, 1257-1258 (Pa. 2006).

> For aggravated assault purposes, an "attempt" is found where an accused who possesses the required, specific intent acts in a manner which

> constitutes a substantial step toward perpetrating a serious bodily injury upon another. An intent ordinarily must be proven through circumstantial evidence and inferred from acts, conduct or attendant circumstances.

*Commonwealth v. Fortune*, 68 A.3d 980, 984 (Pa.Super. 2013) (*en banc*) (citations and some internal quotation marks omitted), *appeal denied*, 78 A.3d 1089 (Pa. 2013).

Viewing the evidence in the light most favorable to the Commonwealth, the verdict winner, we find that there was sufficient evidence from which the trial court could conclude that appellant possessed the requisite intent to cause serious bodily injury to Grice (hereinafter, "the victim"). We further find there was sufficient evidence from which the trial court could conclude that appellant took a substantial step towards inflicting serious bodily injury upon the victim. The testimony presented at trial established that appellant grabbed the victim by the throat, slammed her against the wall, and lifted her off the ground with one hand while choking her for an extended period of time. (Notes of testimony, 12/16/15 at 9-10, 14-15.) This attack left the victim visibly shaken and unable to breathe or speak and only ended after another hotel guest heard the commotion in the hallway and intervened. (*Id.* at 10-12, 15.) The victim testified that appellant subsequently laughed about the attack after locating the money that he had accused her of stealing behind a dresser in his room. (*Id.* at 11-12.) As a result of this attack, the victim was hospitalized

overnight for a severe headache and difficulty breathing and received intravenous fluids. (***Id.*** at 12, 15-16.) The record further indicates that the victim missed a week of work from this incident and suffered lasting headaches. (***Id.*** at 16-17.)

Based on the foregoing, appellant's claim that there was insufficient evidence to sustain his conviction for aggravated assault must fail. ***See***, ***e.g.***, ***Commonwealth v. Russell***, 460 A.2d 316, 320-321 (Pa.Super. 1983) (finding sufficient evidence for attempt to cause serious bodily injury where defendant choked victim "until she could no longer breathe, gagged, and felt faint."). Accordingly, we affirm the April 8, 2016 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2017